FREDERICK A. JONES, INCORPORATED, RESPONDENT, v. LONDON AND EDINBURGH INSURANCE COMPANY AND TORONTO CASUALTY FIRE AND MARINE INSURANCE COMPANY, APPELLANTS.

Argued January term, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellants, *Insley, Vreeland & Decker.*

For the respondent, *Eichmann & Seiden.*

PER CURIAM.

This was an action in the Hudson Circuit Court based on a Florida judgment obtained by Jones, Incorporated, against the London and Edinburgh Insurance Company for a fire loss in that state. A verdict was directed in favor of the plaintiff and from that judgment the insurance company appeals.

The single question presented on the appeal is whether the trial judge committed error in refusing to admit in evidence, when offered by the defendant, depositions which had been taken in Florida under a commission obtained by the plaintiff. The trial judge rejected the offer on the ground that the depositions being taken at the instance of the plaintiff could not be availed of by the defendant unless offered by the plaintiff. The respondent concedes this view to be erroneous under the case of *Wallace* v. *Lieber,* 69 *N. J. L.* 312, but contends that even though received in evidence they would not avail the defendant, and that the error was in consequence without injury to the defendant.

860 

We think the respondent's contention is sound. The exemplified record of the Florida court disclosed that process had been served on an agent of the defendant in that state as defined by its laws. The depositions, as we read them, exhibit nothing to the contrary. By the uncontradicted evidence one Byreley procured the insurance, received the premium and transmitted it to the insurance company's agent. The agent in turn transmitted the premium to the company and issued the "binder" on which the suit was brought. The Florida statute enacts in effect that "any person or firm residing in the State of Florida who receives or receipts for any money on account of or for any contract * * * for an insurance company * * * or who receives or receipts for money from other persons to be transmitted to any such insurance company * * * shall be deemed to all intents and purposes an agent * * * of such company." We think the receipt by the plaintiff company of the premium and the issuance of the binder policy called for by such premium constituted an adoption of the act of Byreley and made him in fact as well as in law its agent and it seems not to be disputed that under the statute of Florida service could properly be made on an agent in that state.

There was, therefore, no error which was harmful to the defendant in rejecting the offer of the depositions, and the judgment is affirmed, with costs.